### Katherine ROBINSON, Plaintiff-Appellant,

v.

### John Edward OWENS, Defendant-Respondent.

### No. 45036.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 8, 1983.

Ira M. Young, St. Louis, for plaintiff-appellant.

John J. Allan, St. Louis, for defendant-respondent.

SNYDER, Judge.

This is an appeal by plaintiff Katherine Robinson from a judgment of the Circuit Court of the City of St. Louis in a quiet title action. The case was tried to the court which rendered judgment in favor of defendant-respondent, John E. Owens.

Appellant and respondent are brother and sister. Their mother, Hattie Owens, died intestate on May 12, 1980. At the time of her death, Hattie Owens and respondent, mother and son, were joint tenants with the right of survivorship in a parcel of residential real property located at 1226–1228 Aubert Avenue in St. Louis, Missouri. By her quiet title action, the appellant daughter attempted to abrogate respondent's survivorship interest by claiming respondent held

the real property in a resulting trust for the benefit of his mother Hattie Owens, and that plaintiff, respondent and their three sisters[1] should inherit the property as tenants in common from their mother.

The trial court's judgment in favor of the respondent, the surviving joint tenant, is affirmed.

Appellant's three points relied on may be summarized as an attack on the trial court's judgment because it was against the weight of the evidence, which, appellant maintains, clearly established that respondent held the legal title under a resulting trust for the benefit of Hattie Owens. Her points are without merit.

Respondent took title to the Aubert Avenue property by warranty deed in 1946. Respondent signed a note and a deed of trust to secure a loan for a portion of the purchase price. Five years later, in 1951, respondent conveyed the property to a straw party, who in turn conveyed it to respondent and Hattie Owens, his mother, as joint tenants with the right of survivorship. Respondent and his mother signed a note and deed of trust at that time to secure a refinancing loan.

Respondent lived in New York from 1953 to 1969. He made no loan payments during his New York sojourn nor after he returned to St. Louis in 1969. His mother occupied the premises until her death and each of the sisters lived there at one time or another through the years. The mother collected rents which she did not share with respondent.

There was conflicting testimony about who made the down payment and who made the installment payments on the loans. There was evidence that appellant paid for maintenance, taxes and insurance. There was also conflicting testimony about who made repairs.

Appellant and one of the parties' sisters testified that respondent had disclaimed his interest in the house repeatedly and said that the house was "Mama's." Respondent denied that he had made statements disclaiming his interest or that he had said the house was Mama's.

The trial judge found that respondent had supplied all the money for the down payment for the purchase of the real property and that he had lived with his mother there for a period of five years, during which he and his mother jointly paid the monthly installments on the property loan. The trial court further declared that respondent John Edward Owens was the sole owner in fee simple of the Aubert property.

Appellant maintained that respondent held the property as a "straw party" or in a resulting trust for the benefit of his mother, Hattie Owens. The trial judge found specifically that respondent did not hold title as a straw party.

■ The burden of establishing all the elements of a resulting trust is on the party seeking to establish it. *Merideth v. Merideth,* 549 S.W.2d 609, 611[1, 2] (Mo.App. 1977). The evidence that a resulting trust exists must be clear, cogent and convincing. *Whan v. Whan,* 542 S.W.2d 7, 12[16] (Mo. App.1976).

The judgment of a trial court in a bench tried civil action must be sustained unless there is no substantial evidence to support it; unless it is against the weight of the evidence; or unless it erroneously declares or applies the law. Rule 73.01. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). A judgment should be set aside on the ground that it is against the weight of the evidence only if there is a firm belief that the decree or judgment is wrong. *Murphy v. Carron, supra.*

■ This court, after a thorough review of the record on appeal finds that the evidence falls short of establishing a purchase money resulting trust by clear, cogent and convincing evidence; that the trial court's judgment was not against the weight of the evidence. There is not the requisite firm belief that the trial court judgment is wrong.

---

1. The three sisters were not joined in the lawsuit.

Further, there was a conflict in the evidence and this court must defer to the trial judge's assessment of the credibility of the witnesses. See *Trenton Trust Co. v. Western Sur. Co.,* 599 S.W.2d 481, 494 (Mo. banc 1980).

The judgment is affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.